IN GWINNETT SUPERIOR COURT, MARCH TERM, 1832.

## STAPP vs. PARTLOW.

### Malicious Prosecution.

To support an action for malicious prosecution, it is not necessary to prove an arrest.

The damage in this case was one dollar, and the Judges were of opinion that the plaintiff was entitled to no more costs than damages.

ON the trial it appeared by the evidence of the constable, that he met the plaintiff (who had heard of his having the warrant) who ordered him not to come any nearer. The officer then promised not to arrest him—they met—conversed about the matter, and on persuasion, the plaintiff agreed to go before the magistrate and have a hearing. Plaintiff was discharged for want of evidence. Magistrate and constable both swore that plaintiff was never arrested. No express malice was proven, but sufficient want of probable cause to take the cause to the jury.

The jury found a verdict of one dollar for plaintiff, and said nothing about costs.

The defendant now moves a rule to set aside this verdict and enter a nonsuit, on the ground, 1st, That there was no arrest proven—and 2dly, Because no express malice was proven, the charge being for malicious mischief, which is a mere trespass.

BY THE CONVENTION. This action of malicious prosecution can be maintained without an arrest. Malice and want of probable cause are the foundations of this kind of action, and damages are given as well for the injury a man may sustain in his reputation as for his personal suffering. The commencement of the prosecution without probable cause, showed a disposition to harass and vex the plaintiff, and injure his character. Many cases are found in the books where this action has been supported, when a bill has been preferred before the grand jury and not found by them, and where it does not appear that any arrest was made. (Farmer *v*. Darling, Burrows, 1971.)

In this case, however, the plaintiff was by the act of defendant put to the necessity of going before the Justice, submitting to a trial, and was discharged for want of evidence. His not being convicted was not from the clemency or good feelings of defendant, but from his innocence.

As to the other ground, it is sufficient to say, that malicious mischief is an offence indictable, and not a mere trespass.

The rule is discharged.

The defendant has raised another question in this case, as to costs—contending that plaintiff is entitled to no more costs than damages. Decided by the Convention, that plaintiff was entitled to no more costs in this case than damages.